Lewicki v. Emerson is our next case for argument. Mr. Cohen. May it please the court. This court should reverse the district's court's grant of conditional writ of habeas corpus because the claim granted is barred from review by procedural default and it was without merit. First, petitioner did not fairly present his federal claim to the Indiana Supreme Court when he petitioned for transfer in his post-conviction case. Because he did not raise the claim through one complete round of state review, the claim is also without merit. Appellate counsel was not ineffective for choosing not to raise the speedy trial claim. The claim was not obvious and clearly stronger than the claims raised and would not have been successful. Here, petitioner did not present the operative facts and the controlling legal principles to the Indiana Supreme Court in a way to fairly present his federal claim. Can I ask you a question about the way about something about the underlying proceedings, the when you address the prejudice prong of the Speedy Trial Act claim, you talked about the fact that the charging documents was amended in July 11th, 2014 but that amendment was based upon facts that was available when the original charging documents were filed. Is that correct? Correct. And I wonder, do you have some insight into why it took so long for the for the state to actually amend it? Well, I think that as as the case got closer to trial, actually being getting closer to trial, that then the state cleaned up some charges too. So one was a one was an alternate way to allege the robbery. So it was a robbery with serious bodily injury and they amended to add a robbery with deadly weapon. But I would just point out those... One of the things that was amended too was the habitual offender. Correct. And I would just point out that both the habitual offenders been vacated. So that didn't, the amendment didn't prejudice him at all because he eventually got relief on that. So it wasn't clear to me from the from the briefs what I knew that the other, the alternative robbery claim was vacated. It wasn't clear to me that the habitual offender was also... It was later done in a different proceeding. I mean that wasn't subject to his post conviction that happened before his post conviction. So okay, thank you. When you look at the fair presentment factors that this court looks at, none of them are met here. He didn't cite any federal cases. Can I ask you a question about the prejudice prong? Is the prejudice prong in the Strickland test in addition to the prejudice factor in Barker? In other words, in the Barker factors, doesn't the defendant have to as a counsel under Strickland, doesn't the defendant have to prove that the prejudice, that he was prejudiced by counsel's failure to either bring the argument in the Court of Appeals or trial counsel's failure to stand on the defendant's right to a speedy trial? I think those two would be looked at a little bit differently. I think that the prejudice... They're different, right? They are, they are different. And I think that in effect, just a trial counsel would be different than in effect, just a appellate counsel on how you look at prejudice. Well, in effect, in effect, in the prejudice prong, in effect of a citizen's appellate counsel, the appellate, you still have to establish that there's a reasonable probability that they would have won. Correct. Right, I mean. Correct. And here, here petitioner can't show that because he can't show either that he preserved the speedy trial claim. Well, even if he did preserve it. Even if he did preserve it, he can't show prejudice. It's hard to file motions to continue on the one hand and then stand on your speedy trial rights on the other hand. Right, and that's why the prong that looks at, did he assert it to the trial court, just really doesn't go in his favor because he only asserted it very early in the process and then later in the process he moved for continuances and agreed to continuances. And so, you know, this court's case law just doesn't give any weight to that factor when the defendant is doing both things at the same time. Asking for a, asking for a trial and then agreeing to a continuance. Puts trial courts in difficult situations when a defendant says I wanted continuance from June to October, but no further than October. Right. Prosecutor's schedule doesn't matter and judge your schedule doesn't matter either because in October I stand on my speedy trial rights. Correct. Even though in June I allude to in our brief, Mr. Lewicki had a very difficult and complex criminal, many criminal matters going at the same time, so he actually, actually was tried for a different case while this was going on and also had probation violations. So I'm sure counsel was triaging which case to go when, what to do first, and so it was strategic reasons as to why they were waiting on this one as opposed to having this one be one of the first ones. But, but of course the state believes we don't even get there because he did not fairly present it. There's no case anywhere close that only citing the Sixth Amendment once in a brief, not even connected to your claim or your operative facts, is enough for fair presentment and so he did not fairly present it here. And so the claim should be denied on procedural default grounds. If there are no further questions I'll open it up to counsel. Mr. Tolliver. Good morning, Your Honors. May it please the court. My name is Terry Tolliver and I represent David Lewicki. The issue that we have here is that Mr. Lewicki did present the argument to the court and he specifically stated, due to numerous errors by appellate counsel, the petitioner was denied his rights under the 5th, 6th, and 14th Amendment of the United States in Article 1, Section 12, and 13 of the Indiana Constitution. But did he make an argument based on the Sixth Amendment or just mention it? Your Honor, he said that because the speedy trial itself is a constitutional right afforded by the State. Yes, but did he make an argument? Did he make a legal argument? Did he say, set out the factors of Barker against Wingo and he could have certainly been a little more articulate in how he did that. I'm asking whether he did make a legal argument or just mention it in a drive-by fashion. I don't know if I would agree that was a drive-by fashion, but he did mention it. It's your job not to agree to that. But he did mention it enough to place the state on notice that this was an issue and we're looking at a fundamental right to a speedy trial, Your Honor. All right, but let me ask you another question. Do you read the district judge's opinion as the Sixth Amendment was in fact violated? I read the district court judge's opinion to be that it's a close call and that... It's a close call, but not that it was violated. Without a finding that the constitutional right was violated, how is it prejudicial to omit the particular issue? I mean, let me give you in general terms, and I know you won't accept these again because it's your job not to accept them. Suppose a defense lawyer arguing in the Indiana courts has four potential issues, evaluates all four of them as losers, and makes three and loses. Is that ineffective assistance because he left out the fourth loser? That could be based on trial strategy, Your Honor. No, I'm asking whether it can be ineffective assistance to present fewer than all of your losing arguments. No. Of course not. Well, then that's what struck me when I read this case. I have never before seen a case where a district judge found ineffective assistance of counsel for omitting argument X without finding that argument X was a winning argument, and with any precedent for that? I am not, Your Honor. The way I read the district court's decision was that she left that to the state court. I know. She didn't decide it, and that's the problem. Without having decided it and said that had this argument been presented, it would have won, I don't see how it's possible to say there was prejudice from omitting it. Your Honor, I think the district court judge presumed prejudice based on it being a fundamental right. But then you have to answer my first question by saying if you got four losing arguments all invoking the name of the Constitution, the lawyer must present all of them because they all involve fundamental rights. But that can't be right. Well, I think what we're looking at here is that by giving the state nearly three years to try him that we can presume that that resulted in prejudice to him because as we noted in the brief that allowed the state... Let me put it differently. One more variation. Is there any way the Sixth Amendment could be a winning argument for the defendant but the equivalent speedy trial claim under Indiana law be a losing argument for the defendant? In what way is the Sixth Amendment argument more favorable to the defendant than the speedy trial argument? Well, I think that when we're looking at it, they're one in the... I think we would look at them as one in the same. Yeah, but the problem is he presented, counsel presented a state law speedy trial argument and lost. And so if it's one in the same with the Sixth Amendment, then the Sixth Amendment is just a losing argument. I hope you can see my problem. Well, I think the concern with that, Your Honor, is that when we're looking at it, I don't think we should be requiring the defendant, especially in Mr. Leakey's case where he was acting pro se, to have to use the correct words in order to proceed. The Sixth Amendment right to a speedy trial is fundamental. The courts are aware that when somebody is asking for a speedy trial, that is what, that is the right they're invoking. To say otherwise would be a difficult lead. But you've just agreed with me that there is no way to win under the Sixth Amendment if you lose on a state law speedy trial claim. And the state law speedy trial claim was presented. I understand, Your Honor. But I think when we look at that again, so we we've got whether he fairly presented it to the state Supreme Court, we believe that he did. And again, when you're looking at the arguments that were presented, we looked here, the evidentiary arguments, there was an argument about jury instructions. And we would think that the, like the district court did, that the Sixth Amendment claim is more important one. And when faced with are we going to argue about a jury instruction argument or a constitutional violation, it would seem that the constitutional violation would be the appropriate argument to present. Mr. Tolliver, isn't there though evidence in the record, the post-conviction record, that appellate counsel evaluated this issue and considered this amongst the other objections that he was going to assert on appeal and for whatever reason decided not to assert it? I don't know if that was fully developed at that stage because I don't recall where, I don't believe there was an evidentiary hearing on that to determine why the attorney chose not. I guess I'm just looking at and perhaps, was the appellate counsel Mr. Byer? Yes. Okay. And on page 29 of this transcript, I think it's a direct examination conducted by the petitioner, says, Mr. Byer, when you reviewed my record of appeal, did you see the multiple letters I wrote to the court pertaining to the speedy trial issues catch your attention? And Mr. Byer says, yes, because those were in the clerk's portion of the record. Question, did you investigate this issue? Answer, yes. So, as you know, it's very difficult to proceed under Strickland with an argument that an attorney didn't present a claim when the attorney considered the claim and for whatever reason, presumably strategic because that's what we presume, he didn't present it. And I wonder what your response to that is? Well, I think my initial response would have been there probably should have been some follow-up questions at that hearing to try and elaborate why that wasn't done. But when we're looking at a situation like that, I think the bigger concern that we have is that when you're looking at why attorneys present certain issues and not others is how, I guess, how he was harmed by it. And this seems to be one of those issues where Mr. Lewicki basically tried to do what he could. So, on one hand, he made it known that this is something I want done. I want a speedy trial. It needs to be pursued. Nobody's listening to me. So, I'm gonna send letters to the court. Nobody's listening to me. Please give me a speedy trial. Now, the state's position is accurate. Well, the courts don't read those letters because you're represented by counsel. But what is Mr. Lewicki supposed to do in a hearing is he's making it known that he wants a speedy trial. His counsel is refusing to present that to the court on his behalf. But then how do you respond to Judge Kirsch's concern that, you know, during the proceedings Mr. Lewicki also through counsel agreed to some of these continuances? Well, if you look at the way those letters are written to the court, you can almost see how the desperation just goes on. So, we go from, hey, just wanted to let you know that I asked for this and I was told I'd be contacted in a week. Nobody's contacted me. And then it gets, I really want this speedy trial. I've asked for it. I've been sitting here for a year. So, I think how you how you respond to that is that what more is he expected to do? Either he's made it known that I want a speedy trial at the beginning and that he makes it known that I want to be tried. And then it gets to the point where he decides that whatever you want to do, do it. And I see that my time's expired. So, if there's no further questions. Thank you. Thank you, Your Honor. Mr. Toliver. Anything further, Mr. Koh? Just a couple record things. If you look at the next page of the transcript with appellate counsel, appellate counsel said he didn't raise a speedy trial claim because he thought it was waived because it wasn't preserved below. And that is a good reason for not raising a claim as appellate counsel is that no one objected below and that's why appellate counsel didn't raise the issue. And on the on the letters to the court, I would just again point out that the petitioner sent those early on, which we often see with criminal defendants when they first get arrested. They want to move things along very quickly and then they talk to their attorney and realize that that's not in their best interest and so agree to continuances and that's what happened here. We ask that you reverse the trial, the district court. Thank you. Thank you, counsel. Mr. Toliver, we appreciate your willingness to accept the appointment in this case and your assistance to the court as well as your client. The case is taken under advisement.